848 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie M. NABORS, Petitioner-Appellant,
v.
WARDEN, U.S. PENITENTIARY AT LEWISBURG, PENNSYLVANIA and
Frank J. Kelley, Attorney General of the State of
Michigan, Respondents-Appellees.
 No. 87-1918.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1988.
 
 1
 Before KEITH and WELLFORD, Circuit Judges, and ODELL HORTON, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This pro se prisoner appeals the district court's judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 4
 Petitioner was convicted by a jury of armed robbery, first degree criminal sexual conduct, and possession of a firearm. He was sentenced to sixty to ninety years imprisonment on the armed robbery conviction, and life imprisonment on the criminal sexual conduct charge; these sentences were to run concurrently. Petitioner also received a mandatory two year consecutive sentence on the firearm charge. The criminal sexual conduct conviction was ultimately set aside by the Michigan Court of Appeals. In his petition, petitioner asserted various violations of the Interstate Agreement on Detainers, as well as numerous constitutional violations under the fifth and fourteenth amendments. The district court dismissed the petition as unexhausted under the authority of Rose v. Lundy, 455 U.S. 509 (1982). Upon review, we conclude the district court properly dismissed the petition.
 
 
 5
 Petitioner simply did not give the Michigan state courts a fair opportunity to address his claims by filing a state habeas corpus suit. Such an action may not be brought by persons convicted of felonies. See Mich.Comp.Laws Sec. 600.4310(2). Furthermore, the petitioner may still file a motion for new trial or a delayed application for leave to appeal with the Michigan Court of Appeals so as to give the state courts an opportunity to address his claims.
 
 
 6
 Further, petitioner appellant is not entitled to Sec. 2254 habeas relief on claims of violations of the Interstate Agreement on Detainers. Browning v. Foltz, 837 F.2d 276, 283 (6th Cir.1988).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Odell Horton, Chief U.S. District Judge for the Western District of Tennessee, sitting by designation